IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AIRIEL JOY BUCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 19-0263-MU |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Airiel Joy Buckley brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Supplemental Security Income ("SSI"), based on disability. (Doc. 1). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 16 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 17. Upon consideration of the administrative record, Buckley's brief, the Commissioner's brief, and arguments made at the hearing before the Court, it is determined that the Commissioner's decision denying benefits should be affirmed.[1]

---

[1] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 16 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

## I.  PROCEDURAL HISTORY

Buckley applied for SSI, based on disability, under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383d, on November 17, 2015. (Tr. 178-79). Her application was denied at the initial level of administrative review on April 18, 2016. (Tr. 86-90). On May 3, 2016, Buckley requested a hearing by an Administrative Law Judge (ALJ). (Tr. 93-95). After hearings were held on September 22, 2017 and April 6, 2018, the ALJ issued an unfavorable decision finding that Buckley was not under a disability from the date the application was filed through the date of the decision, August 9, 2018. (Tr. 10-25). Buckley appealed the ALJ's decision to the Appeals Council, which denied her request for review of the ALJ's decision on April 11, 2019. (Tr. 1-5). After exhausting her administrative remedies, Buckley sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on September 11, 2019. (Docs. 12, 13). Both parties have filed briefs setting forth their respective positions. (Docs. 14, 18). The parties appeared before the Court for oral argument on January 28, 2020. (Doc. 19). After careful consideration, for the reasons set forth below, the Court finds that the decision of the Commissioner is due to be affirmed.

## II.  CLAIM ON APPEAL

Buckley alleges that the ALJ's decision to deny her benefits is in error because the ALJ's residual functional capacity (RFC) determination was not supported by substantial evidence. (Doc. 14 at p. 2).

## III. BACKGROUND FACTS

Buckley was born on September 2, 1991 and was 24 years old at the time she filed her claim for benefits. (Tr. 200). Buckley initially alleged disability due to a

"severely ruptured disc in lower back," with an onset date of May 1, 2015. (Tr. 200, 203). Buckley completed 11th grade in high school and was in special education classes. (Tr. 60). She did not obtain her GED and has had no vocational training. (*Id.*). She has never been employed. (Tr. 60, 203). In her Function Report which was completed on February 18, 2016, Buckley stated that she can handle all of her own personal care; that she cares for her toddler, including dressing, diaper changing, bathing, etc.; that she can pay bills, count change, handle a savings account, and use a checkbook and money orders; and that she has no problems paying attention, finishing what she starts, following instructions, getting along with authority figures, and handling changes in routine. (Tr. 214-19). In her Pain Questionnaire, which was completed on February 18, 2016, Buckley stated that she has intermittent pain in her lower back that radiates down her legs and arms. (Tr. 222). She stated that at least once a week the issue is bad enough that she loses strength in her arms and about twice per month in her lower back and legs. (*Id.*). She said that the pain is brought on by picking up something or moving wrong. (*Id.*). She takes pain medications off and on as needed and stated that the medication relieves the pain. (Tr. 222-23). She stated that, at times, the pain is so bad she wakes up crying and cannot sleep. (Tr. 223). She testified at her hearing that she was being treated by a general practitioner for her back pain, as well as for anxiety and depression. (Tr. 61-63). At the hearing on April 6, 2018, Buckley testified that she gets her daughter up, makes breakfast, makes sure she brushes her teeth and gets dressed, and homeschools her in preschool; on good days, she is able to do household chores; she does light cooking; and she can dress and bathe herself. (Tr. 46-47). At the April hearing, Buckley also testified that her pain and the numbness and tingling in her right leg are constant but are worse some days

more than others. (Tr. 48). Buckley claims that she is unable to work due to the limitations caused by her back problems.

## IV. ALJ'S DECISION

After conducting a hearing on this matter, the ALJ made a determination that Buckley had not been under a disability during the relevant time period, and thus, was not entitled to benefits. (Tr. 25). At step one of the five-step sequential evaluation, the ALJ found that Buckley had not engaged in SGA since November 17, 2015, the application date. (Tr. 12). Therefore, she proceeded to an evaluation of steps two and three. The ALJ found that, during the relevant period, Buckley had severe impairments of sciatica, lumbar degenerative disc disease with disc protrusion, anxiety, depression, and hypertension, but that she did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 12-14). After considering the entire record, the ALJ concluded that Buckley had the RFC to perform a range of light work, except that she could frequently lift and/or carry ten pounds and only occasionally lift and/or carry twenty pounds, could sit for six hours per eight-hour workday, could stand and walk for a total of four hours in combination during an eight-hour workday, could occasionally use the lower extremities to push and pull; could occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs; could not climb ladders, ropes, or scaffolds;  could not work around unprotected heights or dangerous machinery; could perform simple routine tasks involving no more than simple, short instructions; and was able to sustain concentration and attention for two hour periods. (Tr. 15-23). After setting forth her RFC, the ALJ determined that transferability of job skills was not an issue because Buckley does not have any past relevant work. (Tr. 23).  However, considering her age, education, work experience,

and RFC, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Buckley could perform, and therefore, found that Buckley was not disabled within the meaning of the Act. (Tr. 23-25).

## V. DISCUSSION

Eligibility for SSI benefits requires that the claimant be disabled. 42 U.S.C. § 1382(a)(1)-(2). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to

5

the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted).  "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

In her written submission and at oral argument, Buckley asserted that the ALJ erred in making the assessment that she was not disabled because she erred in formulating Buckley's RFC. (Doc. 14 at p.2-6; Doc. 19). She primarily argues that the ALJ did not give enough weight to the opinion of Dr. Dempsey concerning her limitations. (Doc. 14 at p. 6; Doc. 19). Therefore, Buckley contends that the ALJ's finding could not have been based on substantial evidence. The Commissioner, on the other hand, asserts that the ALJ provided valid reasons for her findings, that those

6

findings are supported by the applicable law and by substantial evidence, and that the ALJ's conclusion that Buckley was not disabled was not in error. (Doc. 13).

The primary question presented by Buckley is whether the ALJ's assessment of her medical condition in formulating her RFC was based on substantial evidence. "In assessing whether a claimant is disabled, an ALJ must consider the medical opinions in a case record together with the rest of the relevant evidence received." *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 870 (11th Cir. 2016) (citing 20 C.F.R. § 404.1527(b)). In addition to the medical evidence, the ALJ is to consider the claimant's daily activities when evaluating the symptoms and severity of an impairment. *Id.* at 871 (citing 20 C.F.R. § 404.1529(c)(3)(i)). A thorough review of the ALJ's decision reveals that the ALJ in this case did take into consideration, not only medical opinion evidence, but the totality of the medical evidence, as well as Buckley's written and oral accounts of her daily activities. (Tr. 15-23). The ALJ here actually included more stringent restrictions in Buckley's RFC in some regards than those assessed by Dr. Dempsey, such as the amount of and frequency of weight she could lift, restricting Buckley to light work with a litany of further restrictions that took into account not only her physical impairments, but her mental ones as well. In her decision, the ALJ included a thorough discussion of the medical evidence. (Tr. 15-22). She reviewed examination notes from the various doctors and hospitals where Buckley was treated, complaints reported to the doctors by Buckley, the findings of objective testing, treatment recommendations, and statements made by the physicians concerning limitations and restrictions.

With regard to her evaluation of the functional capacity assessment prepared by Dr. Dempsey, who performed an orthopedic consultative examination, the ALJ stated:

> After careful review and consideration, the undersigned gave very little weight to the opinion of Dr. Dempsey. This is because the overly restrictive limitations he opined are inconsistent with his exam findings which yielded only minimal abnormal results such as slightly positive straight leg raise, and also is inconsistent with the bulk of the objective medical evidence documented throughout the treatment records, as well as the claimants reported scope of activities during the relevant period at issue.

(Tr. 21-22). The relevant social security regulations provide that "medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [their] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). [2] "When weighing each medical opinion, the ALJ must consider whether the doctor has examined the claimant; the doctor's relationship with the claimant; the medical evidence supporting the doctor's opinion; how consistent the doctor's opinion is with the record as a whole; and the doctor's specialization." *Muniz v. Comm'r of Soc. Sec.*, 716 F. App'x 917, 919 (11th Cir. 2017) (citing 20 C.F.R. § 416.927(c); *see also Nichols v. Comm'r, Soc. Sec. Admin.*, No. 16-11334, 2017 WL 526038, at * 5 (11th Cir. Feb. 8, 2017) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)) (stating that "[i]n determining how much weight to give a medical opinion, the ALJ considers such factors as the examining or treating relationship, whether the opinion is well-supported, whether the

---

[2] Because Buckley filed her claim for social security benefits prior to March 27, 2017, the applicable rules for evaluating medical opinion evidence are set forth in 20 C.F.R. § 404.1527. *See* 20 C.F.R. §§ 404.614, 404.1527.

opinion is consistent with the record, and the doctor's specialization"). Based on its review of the ALJ's decision and the record, the Court finds that the ALJ properly applied the appropriate standard in evaluating the weight to be accorded to Dr. Demsey's opinion regarding Buckley's functional capacity.

A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. It represents **the most, not the least**, a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2 (emphasis added). The RFC assessment is based on "all of the relevant medical **and other evidence**." 20 C.F.R. § 404.1545(a)(3). In assessing a claimant's RFC, the ALJ must consider only limitations and restrictions attributable to medically determinable impairments, i.e., those that are demonstrable by objective medical evidence. SSR 96-8p, 1996 WL 374184, at *2. It is well-settled that the ultimate responsibility for determining a claimant's RFC, in light of the evidence presented, is reserved to the ALJ, not to the claimant's physicians or other experts. *See* 20 C.F.R. § 404.1546. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013)

(holding that "the ALJ is responsible for determining a claimant's RFC"). So, although Dr. Dempsey opined regarding Buckley's functional capacity, the ultimate determination of a claimant's RFC is left to the ALJ.

"To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)). Based on the Court's review of the record and the ALJ's decision, the Court finds that the ALJ did so here. It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the ALJ's decision and the transcript and considered the arguments made by Buckley, the Court finds that the ALJ's determination that Buckley was not disabled is supported by substantial evidence and based on proper legal standards. *See, e.g., Lynn v. Comm'r of Soc. Sec.,* 791 F. App'x 888, 889 (11th Cir. 2020) (finding that substantial evidence supported ALJ's denial of benefits when portions of physician's opinion were disproportionate to objective findings, claimant received only conservative and routine treatment from general practitioners, and claimant had the ability to operate a motor vehicle, prepare meals, perform household chores, do laundry, and groom herself).

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **24th day of September, 2020**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**